Richard J. Lee
1017 L Street, #213
Sacramento, California 95814
(800) 324-5200
Plaintiff, Lee

**FILED**

APR 0 8 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

## AT THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard John Lee, Individually, and on behalf of ALDEN LEE COMPANY, INC., ALDEN LEE COMPANY, INC. Shareholders, ALDEN LEE COMPANY, INC. Creditors, and, under Private Attorney General Status on behalf of the Greater Public Good, <br><br> Plaintiffs. <br><br> v. <br><br> CHARLES SCHWAB & CO., INC., Greg Scanlon, Richard Dangerfield, W. Hardy Callcott, DELOITTE & TOUCHE LLP, Richard A. Fiedelman, Gerald Fujimoto, <br><br> Defendants. | CASE NO: 2:25-CV-00558-DC-JDP <br><br> PLAINTIFF RICHARD JOHN LEE'S NOTICE OF MOTION AND MOTION TO ENFORCE THE COMMON LAW DOCTRINE OF ESTOPPEL BY ACQUIESCENCE. <br><br> Date: May 1, 2025 <br> Time: 10:00 A.M. <br> Place: Courtroom 9 <br> [Hon. Jeremy D. Peterson] <br><br> Complaint Filed: February 19, 2025 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD**

1. **PLEASE TAKE NOTICE** that on May 1, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard or the Court may order, in Courtroom 9, on the 13th floor of the United States District Court, Eastern District of California, located at 501 I Street, Sacramento, California 95814, before the Honorable Jeremy D. Peterson, Plaintiff Richard John Lee, (Plaintiff) will, and hereby does move this Honorable Court to enter an order granting Plaintiff's Motion to Enforce the Common Law Doctrine of Estoppel by Acquiescence.

**The Common Law Doctrine of Estoppel by Acquiescence.**

2. Estoppel by Acquiescence is a Common Law doctrine that prevents a party from denying or challenging a fact or claim when they have been notified of it and failed to refute it within a reasonable time. Based on this doctrine, facts and truth unrebutted are admitted.

3. Estoppel by acquiescence occurs when "a person knows or ought to know that he is entitled to enforce his right ... and neglects to do so for such a length of time as would imply that he intended to waive or abandon his right." Woodroffe v. Woodroffe, 864 N.W.2d 553 (Iowa Ct. App. 2015) (quoting Humboldt Livestock Auction, Inc. v. B&H Cattle Co., 261 Iowa 419, 432, 155 N.W.2d 478, 487 (1967)); Markey v. Carney, 705 N.W.2d 13, 21 (Iowa 2005).

4. The necessary elements for a claim of Estoppel by Acquiescence are "(1) a party has full knowledge of his rights and material facts; (2) [that party] remains inactive for a considerable time; and (3) [that party] acts in a manner that leads the other party to believe the act now complained of has been approved." Ney Leasing Corp. v. Cargill Meat Logistics Sols., Inc., No. C09-1051, 2010 U.S. Dist. LEXIS 107107, at 26 (N.D. Iowa Oct. 6, 2010).

5. In this matter, enforcement of the Common Law Doctrine of Estoppel by Acquiescence is required to ensure the restoration of truth, justice, and the integrity of the judicial process.

6. **WHEREFORE,** Plaintiff Richard John Lee respectfully moves this Honorable Court, pursuant to oaths sworn by the presiding judge and the attending public officers, to enter an order granting Plaintiff's Motion to Enforce the Common Law Doctrine of Estoppel by Acquiescence.

Dated: April 8, 2025

Respectfully submitted,
All Rights Reserved

*Richard Lee*
Richard John Lee
1017 L Street, #213
Sacramento, California 95814
(800) 324-5200