UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. LEE,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES SCHWAB & CO., INC.,<br><br>Defendants. | Case No.  2:25-cv-0558-JDP (PS)<br><br><br>ORDER |

Plaintiff, proceeding *pro se*, brings this case against defendants Charles Schwab & Co., Inc., Greg Scanlon, Richard Dangerfield, W. Hardy Callcott, Deloitte & Touche LLP, Richard A. Fieldman, and Gerald Fujimoto.  He alleges that defendants violated his rights in connection with events that occurred in the late nineteen-nineties.  Defendants have filed two separate motions to dismiss, ECF Nos. 7 & 10, both of which will be granted because all of plaintiff's claims are time-barred.  I will dismiss the complaint without leave to amend and deny plaintiff's pending motions as moot.[1]

---

[1] This case is before the undersigned pursuant to the parties' consent.  ECF Nos. 5, 26, 28, & 32; *see* 28 U.S.C. § 636(c).

1

**Motion to Dismiss**

**I.     Legal Standards**

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

**II.    Background**

Plaintiff alleges that Deloitte & Touche LLP ("Deloitte"), Richard A. Fieldman, and Gerald Fujimoto violated his rights when, in 1998, their actions during an audit of plaintiff's company caused the abortion of a ten-million-dollar stock offering. ECF No. 1 at 14. He claims that, contemporaneously, Charles Schwab & Co., Inc. ("Schwab"), acting as custodian of his company's shares, acted in concert with Deloitte and its employees to "maliciously destroy" the company. *Id.* Plaintiff's complaint is one-hundred and sixty-eight pages long and describes numerous interactions with defendants, but all claims are more than two decades old.

### III. Analysis

After review of the pleadings, I find that both defendants' motions to dismiss should be granted because plaintiff's claims are foreclosed by the statute of limitations. Plaintiff's complaint contains twenty-nine separate counts for relief:

| Claim | Defendant(s) and Record Citation |
|---|---|
| (1) Fraudulent Inducement to Enter Contract | Schwab, ECF No. 1 at 14-17 |
| (2) Intentional Promissory Estoppel | Deloitte, *Id.* at 17-23 |
| (3) Intentional Promissory Fraud | Deloitte, *Id.* at 23-25 |
| (4) Intentional Fraudulent Concealment | Deloitte, *Id.* at 25-28 |
| (5) Intentional Fraudulent Inducement to Enter Contract | Deloitte, *Id.* at 28-29 |
| (6) Anticipatory Breach of Agreement | Deloitte, *Id.* at 29-32 |
| (7) Fraudulent Misrepresentation of Material Fact | Deloitte, *Id.* at 32-34 |
| (8) Foreseeable Gross Negligence | Deloitte, *Id.* at 34-38 |
| (9) Tort of Intentional Destruction | Deloitte, *Id.* at 39-56 |
| (10) Tort of Intentional Destruction | Schwab, *Id.* at 56-70 |
| (11) Tort of Negligent Slander | Schwab, *Id.* at 70-72 |
| (12) Tort of Malicious Slander | Schwab, *Id.* at 72-76 |
| (13) Breach of Verbal Contract | Schwab, *Id.* at 76-86 |
| (14) Tort of Conspiracy to Destroy Business | Schwab and Deloitte, *Id.* at 86-97 |
| (15) Tort of Unfair Use of Confidential Information | Deloitte, *Id.* at 97-98 |
| (16) Tort of Intrusion into Privacy | Deloitte, *Id.* at 98-104 |
| (17) Tort of Defamation | Deloitte, *Id.* at 104-120 |
| (18) Tort of Abrogation of Duty to Provide Professional Services | Deloitte, *Id.* at 120-122 |
| (19) Tort of Malicious Injury by Interference with Stock Offering | Schwab and Deloitte, *Id.* at 122-144 |
| (20) Tort of Breach of Bailment Contract | Schwab, *Id.* at 144-152 |
| (21) Tort of Breach of Fiduciary Duty | Schwab, *Id.* at 152-154 |

| | |
|---|---|
| (22) Tort of Intentional Constructive Fraud | Schwab, *Id.* at 154-156 |
| (23) Tort of Intentional Conversion | Schwab, *Id.* at 156-157 |
| (24) Tort of Interference with Prospective Economic Relationships | Deloitte, *Id.* at 157-158 |
| (25) Tort of Interference with Contracted Economic Relations | Schwab, *Id.* at 158 |
| (26) Tort of Intentional Breach of Implied Covenant | Schwab and Deloitte, *Id.* at 159 |
| (27) Tort of Malicious Interference with Economic Advantage | Deloitte, *Id.* at 159-161 |
| (28) Tort of Intentional Interference with Prospective Economic Advantage | Schwab, *Id.* at 161-162 |
| (29) Tort of Intentional Infliction of Emotional Distress | Schwab and Deloitte, *Id.* at 162-165 |

Each of the foregoing claims is time-barred. The conduct at issue in the complaint occurred during the late nineteen-nineties. Plaintiff did not file this action until February 2025 and, as defendants point out in their motions to dismiss, the longest statute of limitation for any claim on the foregoing list is four years. ECF Nos. 10-1 at 15-16, 7-1 at 21-23. Assuming any of plaintiff's claims arise under section 1983, that provision borrows the applicable state statute of limitations for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In California, the applicable statute of limitations is two years.[2] Cal. Civ. Proc. Code § 335.1. Thus, there is no scenario in which any section 1983 claim is timely.

And plaintiff's state law claims are also time-barred. Under California law, claims based on a written contract are subject to a four-year statute of limitations. Cal. Civ. Proc. Code § 337. Actions based on fraud or mistake are subject to a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). Professional negligence claims are subject to a two-year statute of limitations. Cal. Civ. Proc. Code § 339(1). Claims for interference with prospective economic advantage are also governed by a two-year statute of limitations. *Knoell v. Petrovich*, 76 Cal. App. 4th 164, 168 (1999); Cal. Civ. Proc. Code § 339(1). His claims for defamation are subject to a one-year statute of limitations. Cal. Civ. Proc. Code § 340(c). Claims for breach of the

---

[2] This statute of limitations also, of course, applies to plaintiff's state law claims for personal injury, like the one for intentional infliction of emotional distress.

4

implied covenant of good faith and fair dealing are subject to a four-year statute of limitations if they sound in contract. *See Fehl v. Manhattan Ins. Group*, No. 11-CV-02688-LHK, 2012 U.S. Dist. LEXIS 2, *11 (N.D. Cal. Jan. 2, 2012) ("A claim for the covenant of good faith and fair dealing has a two year statute of limitations when it sounds in tort, and a four-year statute of limitations if it sounds in contract.").

Accordingly, all of plaintiff's claims are time-barred and subject to dismissal without leave to amend because amendment would be futile. In his opposition, plaintiff argues only that cases alleging fraud upon the court and cases arising under the "Common Law" are not subject to the statute of limitations. ECF No. 14 at 13, 18. These arguments are frivolous. Plaintiff has shown no basis for the court to permit the two decades-plus of tolling needed to render his claims timely.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Defendants' motions to dismiss, ECF Nos. 7 & 10, are GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED without leave to amend as untimely.

3. All other pending motions, ECF Nos. 15, 16, 17, 18, 19, & 34, are DENIED as moot.

4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   May 29, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE